**ISADORE GOLDSTEIN v. GERTRUDE YOUNG**

23 So. (2nd) 730              June Term, 1945
October 26, 1945                Division A
Rehearing denied December 4, 1945

*Knight, Underwood & Cullen* and *Stanley C. Myers,* for appellant.

*Dunn & Wilson,* for appellee.

PER CURIAM:

Appellee sued appellant to recover damages for breach of promise to marry. She recovered a judgment in the sum of $15,000.000, this appeal is from that judgment. The Legisla-

ture of 1945 enacted Chapter 23138, Laws of Florida, outlawing suits of this character. The cause of action here accrued prior to said act so this is doubtless the last time we will be called on to determine whether or not the jury, in. terms of the dollar mark, correctly translated heart anguish into heart balm.

The elements that play a part in determining damages in a case like this are impairment of plaintiff's affections, reputation, peace of mind, health, social status, loss of opportunity to marry because of engagement to defendant and future marital prospects. Loss of defendant's affections, the advantage of being his wife, the loss of a permanent home, including other pecuniary and business losses, sometimes enter the picture but not so in the case at bar.

The plaintiff in this case was well into her forties, the defendant was in his late fifties and was a semi-invalid. Both had been married and divorced before the instant escapade. He was afflicted with a chronic heart condition and neither of them had any business that was in any way involved in their putative romance. There is no showing whatever that plaintiff's future prospects of marriage, her social position or her reputation were in any way impaired, in fact, she relies primarily on damage to her health and affections.

Damages for breach of promise to marry are not limited by the rules governing actions on simple contract to retrieve damages. There must, however, be some causal connection between the amount awarded and the distress, mortification, mental suffering, injury or other cause from which the plaintiff claims to have suffered as a result of the breach. It is not expected that the proof meet the degree of exactitude required in awarding damages for the loss of a carload of potatoes or a crop of corn. Damage to health and affections cannot be measured by the same unit of measurement that damage to corn and potatoes is measured by.

The evidence in this case is not convincing enough to support a judgment for $15,000.00. A judgment that large, in a case like this, should be supported by something besides the testimony of the person who gets the money. The ele-

ments of damage in breach of promise are more remote and require more convincing proof when the parties have reached the age of the parties in this case. Breach of promise is mighty slow to germinate in grandma and grandpa climate. Then a judgment for heart balm the size of this should be predicated on a showing that the heart anguish was attributable to the breach of promise. Many things induce heart anguish and for most that the evidence here shows, it might have been induced by other causes. We think a judgment of $5,000.00 is the limit that the evidence will justify. It is accordingly affirmed on condition that plaintiff enter a remittitur in the sum of $10,000.00, otherwise it will stand reversed for a new trial.

Affirmed with remittitur.

CHAPMAN, C. J., TERRELL, BUFORD and ADAMS, JJ., concur.